PEOPLE, Respondent, v. JUAN CASTRO, Appellant.

No. 929; May 31, 1866.

Courts—Correction of Minutes in Criminal Case.—In sustaining a motion made by a district attorney, on the day to which a case has been continued, for the correction of the court's minutes of the day from which the continuance was had—which minutes show erroneously the granting of a new trial to the defendant—the court only exercises the ordinary power of courts to amend their records while the proceedings are in fieri, so as to make them correspond with the real facts and give a true history.

APPEAL from Santa Clara County.

Attorney General for respondent; D. W. Herrington for appellant.

SAWYER, J.—The defendant was indicted for an assault with an intent to commit robbery and convicted. When the prisoner appeared for sentence he moved for an arrest of judgment on the ground of insufficiency of the indictment. The entry in the minutes of that day's proceedings was to the effect that defendant moved for an arrest of judgment and for a new trial, and that the motion was granted. There is nothing else in the bill of exceptions, or the record, to show that a motion for new trial was in fact made; and nothing appears in the record upon which to base such a motion. On a subsequent day of the same term—the day to which the cause had been continued—the district attorney moved the court to amend the minutes of the proceedings of the preceding day by striking out that portion of the minutes which showed a motion for new trial, and that a new trial was ordered, which motion was granted. The defendant was then called up for sentence, and a motion in arrest of judgment having been again made and denied, the judgment from which this appeal is taken was entered against him.

The only questions are, firstly, as to the sufficiency of the indictment; secondly, as to the regularity of the amendment of the minutes by striking out that portion showing an order granting a new trial, and then passing judgment upon the verdict before rendered without any further trial.

The indictment we think sufficient.

As to the other questions, it is manifest from the record that the court, in granting the motion of the district attorney, only exercised the ordinary power of courts to amend their records while the proceedings are in fieri so as to make them correspond with the real facts, and give a true history of their acts. There is nothing in the record to show that this amendment was improperly made, and the presumptions are all in favor of the correct action of the court.

Judgment affirmed.

We concur: Sanderson, J.; Shafter, J.; Currey, C. J.; Rhodes, J.